Kelly Reese I represent the petitioner who has petitioned for permission to appeal Persona 28 U.S.C. 1292B, the district court's order on summary judgment, denying summary judgment on plaintiffs' New York labor law claims. Our contention is that the summary judgment order presents two controlling legal questions that warrant immediate relief by this court. The first is does the New York labor laws apply to federal detainees who participate in a federally sanctioned work program within a federal detention center? And if so, does the quote control test apply to federal detainees who participate in a federally sanctioned work program? Would not. But as you may know, there are currently sort of three appellate battles in the air in this case. One is this motion, our petition for interlocutory appeal. The other is Rule 23F motion, which has been granted. And the third is an appeal on the issue of discretion. The resolution of those issues brings us to a case that may or may not be an individual plaintiff case for unjust offense. But the others would still require discovery, right? Yes, Your Honor, they'll require discovery, but the scope of discovery will be much curtailed. And another issue that's related to this is that even if the court were to rule that against the petition for interlocutory appeal here, then we're faced with the issue of multiple notices. We can't just move to the notice stage, the class action, because we'll have a notice potentially going on the New York labor law claims, possibly one going on the trafficking claims, forced labor claims, depends on how that plays out before the court. And the whole case might be resolved effectively by the sovereign immunity appeal. So this advances the ball significantly. A huge part of the case is eliminated, makes the issues at trial much more manageable. How is any issue eliminated? I mean, either you're looking at application of the Federal Fair Labor Standards Act or the New York State labor law statute. I believe that the salary paid is a dollar a day, which wouldn't be sufficient under either of those. It's conceded, in my view, and the opposing counsel can address it, that the Fair Labor Standards Act has been held not to apply to federal detainees. And so it's their sort of novel theory, not theirs alone, but one that's being pushed in several courts that even though the FSA doesn't apply, state labor laws may apply. So the issue that – so the issue is whether the state labor law applies. And if it does, then you've got one set of issues. And if it doesn't, and the Federal Fair Labor Standards Act applies, then you really don't have to go into a lot of issues of what people are doing, what their compensation should be. Am I correct? Well, if I'm hearing you correctly, I don't think so. I'm trying to do this as well as I can. I appreciate that, Your Honor. The Federal Labor Standards Act does not apply to federal detainees. And so the whole labor – the labor law claim does have to do with minimum wage and that sort of thing. It simply will be off the table if the court rules that the New York labor laws don't apply under state or federal law. On that one, is that your argument, that if the federal labor law applies, that would lop off a whole bunch of issues that the district court would not have to deal with? Yes, Your Honor. Well, that's our position. If the New York labor laws don't apply, then nothing applies to control. So, yes. Okay. Thank you so much. Good morning, Your Honors. May it please the Court. My name is Allie Frick on behalf of the Plaintiff's Repellees. This Court should deny AGS's petition for interlocutory appeal because it cannot satisfy the mandatory requirements of 1292B. First, as was just discussed, this appeal on its own will not materially advance the termination of this litigation. Okay. Can you explain precisely why? Sure. So the question of whether the labor law applies to detainees in this case is just one question among many in this case. And so even if this Court were to reverse the case for court's finding and hold that there is somehow a categorical exclusion of all detainees from the New York labor law, that would only resolve one tiny part of this case. We still have our forced labor claims that would be moving forward and the unjust enrichment claims moving forward. And to the extent that opposing counsel is relying on a, I believe his term was a constellation of other appeals that are going on, I'll note that the Yearsley immunity appeal, which is really the only one that could affect, could potentially effectively terminate this litigation. We might find out in the next couple of months, based on the Supreme Court ruling. But effective termination is not the test. The material advancement. Yes. So I'm, I apologize, Your Honor. The whole thing is very complicated. I appreciate that. The question is whether, with respect to a claim, which is rather large, an interlocutory appeal would lop off those issues and leave the judge free to deal with the other things. For some reason, if these things are really, if the other claims are independent, I'm not sure I know why the judge stayed all proceedings pending this appeal. Can you explain? Well, we, we opposed to the stay, Your Honor. And we would agree that a stay is, is not warranted here. But just to focus on, on this appeal. So under 1292B, we would need to show, or I'm sorry, AGS would need to show that this appeal would materially advance the termination of litigation. Congress drafted Section 1292B intentionally. It didn't use a term like streamline or judicial economy or for efficiency's sake, right? It created a very narrow exception to the final judgment rule. And that's because it's going to make much more sense, particularly on an issue like the status of employment, which is a mixed question of law and fact, to evaluate this question after a jury has had an ability to find facts. And if there's a liability finding, at that point, I'm sure AGS will bring another appeal and say that on the facts that the jury found, there was not an employment relationship under the labor law. And that is the much more appropriate time to evaluate this question. The only question that the court could opine on right now would be a sort of hypothetical question as to whether the New York labor law includes a categorical exclusion of all detainees. And if we answer... So, Amber, are you conceding that that is a purely legal question? I am conceding that there is a potential pure legal question to be found in there. I will say that which test to use is certainly not a pure legal question, nor is it a question that would materially advance... Which test to examine is not a legal question? Well, it's certainly not a question that would materially advance the termination of this litigation. Okay, but there's two different things. Right? Go ahead. So, whether or not it would materially advance the question is one thing we need to look at. And whether or not it's a purely legal question is another thing we need to look at. Yes. Because the doctrine says that things that are purely legal questions might materially advance. So why don't you answer the question that he says is the threshold question. Is that a purely legal question or not? And if not, why? Well, the question that AGS posed in its brief, I believe on page 15, and again... Maybe I'll ask a different question. Whether or not the labor law applies to people in federal custody participating in the program? That is not a pure question of law. And you can tell by the way that AGS has framed that question. Because the question of ICE's control, I'm sorry, the federal government's control or design of the program versus AGS's ability and discretion to shape and mold that work program are the central disputed facts in this case. Those are hotly contested. So any way that you're going to be evaluating an employment relationship here is going to involve mixed questions of law and fact. And we know that that is a quintessential mixed question of law and fact from the Barfield case, for example, which we cited. It's not a question of statutory interpretation? I'm sorry, what? It's not a question of statutory interpretation? One could imagine a pure question of statutory interpretation, which is whether there is a categorical exclusion for all people in detention under the New York labor law. That's not the question that AGS has posed, but that is potentially a question that could be asked here. But if the answer is anything other than yes, which I would imagine it would be because there's nothing in the text or history of the statute that would say that there's some categorical exclusion, then this case will move forward, the claim will move forward to trial, there will be a finding of fact, and at that point, AGS would have a second bite at the apple to then appeal and say, on the facts that the jury found, is there an employment relationship? And that's why other courts that have examined this issue, for example, the Ninth Circuit in the Noir-Zor case, have waited until after final judgment to... Thank you. I think we've got your argument. Thank you so much, Your Honor. Okay. We will take this matter under assessment. Oh, no. You still have time on your roll. I apologize. Thank you. I didn't realize you reserved time. Did I reserve time? No, you didn't. Okay. I'm sorry. Okay. You look like you were going back to the podium. I didn't think you had. Thank you so much. We'll take the case under assessment.